**Mark F. Anderson** (SBN 44787)
**Kan Tung Donohoe** (SBN 197785)
Kemnitzer, Anderson, Barron & Ogilvie LLP          Original Filed 4.6.06
445 Bush Street, 6th Floor
San Francisco, CA 94108
Ph: (415) 861-2265
Fax: (415) 861-3151
mark@kabolaw.com

Attorneys for Plaintiff Steven R Yourke

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **STEVEN R YOURKE,** | Case No. 06-02370 CW |
| Plaintiff, | |
| v. | COMPLAINT |
| **EXPERIAN INFORMATION SOLUTIONS, INC.,** | (Fair Credit Reporting Act, 15 USC §1681) |
| Defendant. | DEMAND FOR JURY TRIAL |

1. This court has jurisdiction pursuant to 15 USC §1681p.

2. **The Parties.** Plaintiff Steven R Yourke ("plaintiff") is a consumer as defined by the Fair Credit Reporting Act (FCRA), 15 USC §1681a(c), and a resident of California.

3. Defendant Experian Information Solutions, Inc. is a consumer reporting agency as defined by FCRA, 15 USC §1681a(f).

4. **Plaintiff's Dispute with Defendant Experian.** During certain years, plaintiff had no income from his business of stock trading. Consequently, he did not owe any federal or state taxes. Plaintiff failed to file tax returns for the years he owed no taxes on a timely basis; this failure caused the IRS and Franchise Tax Board to file tax liens against plaintiff.

5. Plaintiff eventually filed his tax returns. After plaintiff's filed tax returns showed he owed no taxes, the IRS and Franchise Tax Board filed lien releases for each of the tax liens.

6. IRS filed a tax lien on April 29, 2004, for tax year 1995 in the amount of $51,655. IRS released this lien on September 28, 2004.

7. The Franchise Tax Board filed four (4) tax liens and four (4) releases of liens.

    a. The first state tax lien was filed on January 28, 1999, for tax year 1996 in the amount of $129,986.48. After plaintiff proved he owed not taxes, the Franchise Tax Board filed a Release of Lien on August 9, 1999.

    b. The second state tax lien was filed on June 21, 2000, in the amount of $741,167 for the tax year 1997. The Franchise Tax Board released this lien on October 25, 2000.

    c. The third state tax lien was filed January 31, 2003, in the amount of $9,916.61 for the tax years 1999 and 2000. The Franchise Tax Board released the lien on June 13, 2005.

    d. The fourth state tax lien was filed on September 7, 2004, in the amount of $19,374.45 for the tax years 2001 and 2002. The Franchise Tax Board released the lien on September 23, 2005.

8. When a taxpayer obtains a federal or state release of lien, the taxpayer must pay a small processing fee of about $11. Plaintiff paid these fees as required.

9. Defendant Experian began reporting the existence of the tax liens on plaintiff's consumer credit file at a date unknown to plaintiff but at least as early as sometime in 2005.

10. Experian's reports on the tax liens were inaccurate. Experian's reports on plaintiff's credit through 2005 and up until March 30, 2006, stated that the original amounts of the federal and state tax liens described above were "paid." This was false. Plaintiff never owed the money in the first place and consequently never had to pay anything other than a miniscule processing fee to obtain the releases of the liens.

11. **Plaintiff Repeatedly Disputed the Debt with Defendant Experian.** Plaintiff disputed inaccurate reports concerning the tax liens on more than one occasion. Plaintiff disputed the inaccurate tax lien information by letters dated October 27, 2005; January 10, 2006; March 1, 2006; March 21, 2006; and March 23, 2006. In addition, plaintiff had numerous telephone

Complaint for Damages in *Yourke v Experian*    2

1  conversations with Experian representatives, some of whom claimed to be "supervisors."
2  Plaintiff submitted written explanations from the Franchise Tax Board that the liens had been
3  filed because the agency had no record of returns having been filed and that once the returns
4  were filed and no taxes owed, the agency released the liens. With respect to the one federal tax
5  lien, plaintiff sent Experian an "Account Transcript" for the tax year in question clearly showing
6  that plaintiff owed taxes.

7  12. Experian's response was to stonewall plaintiff's requests at the same time displaying
8  extreme ignorance concerning the nature of the dispute. For example, on February 14, 2006, an
9  Experian employee sent a letter to plaintiff stating that since the tax lien "is part of public
10 records," it "may be reflected on the credit report" never mind that a) the tax lien information
11 was inaccurate, b) was not "paid" by plaintiff, and c) was released by the tax authorities!

12 13. Such conduct by Experian was a willful violation of the Fair Credit Reporting Act.

**First Claim for Relief--Negligent Noncompliance with FCRA—Against Defendants Experian**

14. Plaintiff realleges and incorporates ¶¶ 1-13.

15. Experian is required to use reasonable procedures to ensure maximum possible accuracy of the information reported pursuant to 15 USC § 1681e(b) and it must delete any information that "is found to be inaccurate or incomplete or cannot be verified…" pursuant to 15 USC 1681i(a)(5)(A).

16. Defendants Experian and Equifax negligently failed to comply with these requirements of FCRA.

17. As a result of defendants' failure to comply with the requirements of FCRA, plaintiff has suffered, and continues to suffer, actual damages, including denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy and emotional distress for which he seeks damages in an amount to be determined by the jury.

**Second Claim for Relief--(Willful Noncompliance with FCRA)—Against Defendants Experian and Equifax**

18. Plaintiff realleges and incorporates ¶¶ 1-17.

19. Defendants Experian willfully failed to comply with the requirements of FCRA as

alleged herein.

## JURY DEMAND

Plaintiff requests a jury trial on all claims.

## PRAYER

WHEREFORE, plaintiff prays for judgment against each defendant as follows:

On the First Claim for Relief:

1. Actual damages as to each defendant in an amount to be determined by the jury;

2. Attorney fees; and

3. Costs and expenses incurred in the action.

On the Second Claim for Relief:

1. Actual damages as to each defendant in an amount to be determined by the jury;

2. Punitive damages as to each defendant in an amount to be determined by the jury;

3. Attorney fees; and

4. Costs and expenses incurred in the action.

Dated: April 3, 2006.

KEMNITZER, ANDERSON, BARRON & OGILVIE LLP


By _____/s/_____
       Mark F Anderson
       Attorneys for Plaintiff Steven R Yourke