Angela M. Taylor (State Bar No. 210425)
JONES DAY
3 Park Plaza
Suite 1100
Irvine, CA 92614
Telephone: (949) 851-3939
Facsimile: (949) 553-7539

Lucinda W. Andrew (admitted *Pro Hac Vice*)
2727 N. Harwood
Dallas, TX 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100

Attorneys for Defendant
EXPERIAN INFORMATION SOLUTIONS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN R. YOURKE,<br><br>  Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>  Defendant. | CASE NO. C-06-2370 CW<br><br>The Honorable Claudia Wilken<br><br>**EXPERIAN INFORMATION SOLUTIONS, INC.'S MOTION IN LIMINE AND MEMORANDUM OF LAW IN SUPPORT**<br><br>Date:     August 7, 2007<br>Time:     2:00 p.m.<br>Location: Courtroom 2, 4th Floor |

**EXPERIAN INFORMATION SOLUTIONS, INC.'S
MOTION IN LIMINE AND MEMORANDUM OF LAW IN SUPPORT**

Experian Information Solutions, Inc. ("Experian") hereby moves the Court for an order instructing plaintiff Steven R. Yourke ("Plaintiff") and his counsel not to reference or bring before the jury, either directly or indirectly, upon voir dire examination, opening statement, interrogation of witnesses, closing argument, or in any other manner, the matters set forth below without first obtaining a favorable ruling from the Court, outside the presence and hearing of the jury, on the propriety or admissibility of the matter. Experian also moves the Court to order

DLI-6129874v2

Plaintiff's counsel to instruct all witnesses for Plaintiff to refrain from any mention in the presence of the jury, by testimony or otherwise, of any of the matters set forth below, unless counsel has first obtained a favorable ruling from the Court, outside the presence and hearing of the jury, on the propriety or admissibility of the matter.

Each matter set forth below is inadmissible in evidence or constitutes improper comment, argument, or questioning. Introducing or referencing these matters would cause unfair prejudice to Experian and would taint the jury. Sustaining objections to such questions, comments, or evidence would not cure the unfair prejudice to Experian but would create unwarranted questions in the minds of the jurors and cause the jurors to place undue emphasis upon the inadmissible or improper questions, comments, or evidence. Therefore, an Order in Limine is necessary with respect to each of these matters.

The matters subject to this motion are as follows:

**1.    Hearsay Evidence Pertaining to Loss of Credit Opportunities:**

Any hearsay evidence suggesting that an Experian credit report caused Plaintiff to lose credit opportunities. *See* FED. R. EVID. 802. Plaintiff bears the burden of proving through admissible evidence that any damages he may have suffered were proximately caused by Experian. *See Cahlin v. GMAC*, 936 F.2d 1151, 1161 (11th Cir. 1991). Plaintiff must show that he was denied credit as the result of an inaccurate Experian credit report, where the inaccuracy flowed from Experian's failure to follow reasonable procedures to assure the maximum possible accuracy of the credit information contained in the report. *See id.*

At his deposition, Plaintiff testified about conversations that he purportedly had with credit grantors as well as with an unidentified mortgage broker. However, any out-of-court statements, oral or written, offered to prove the truth of the matter asserted—that Plaintiff was denied a credit opportunity because of alleged inaccuracies in his Experian credit report—is inadmissible hearsay and should be excluded. FED. R. EVID. 801(c), 802. Such statements, if introduced at trial, would constitute "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). One court, faced with similar evidence, held:

> [Plaintiff's] descriptions of [credit denials] include representations of what unnamed employees of [creditors] told [plaintiff]. Statements made to [plaintiff] by these individuals are hearsay not within an exception, and therefore, the statements are inadmissible. It is clear that [plaintiff] cannot offer her version of what was supposedly said to her by the individuals in an attempt to prove the truth of what the individuals said namely, that [plaintiff's] applications for credit were denied because of the negative credit information in her credit history regarding the [derogatory] account. *See*, Fed. R. Evid. 801(c). To do so deprives the defendants of their ability to properly attack the statements by cross examination of the individuals who allegedly uttered them.

*Moore v. Beneficial Nat'l Bank*, 876 F. Supp. 1247, 1254 (M.D. Ala. 1995); *see also Philbin v. Trans Union Corp.*, 101 F.3d 957, 961 n. 1 (3rd Cir. 1996). Similarly, any letter or written correspondence purporting to deny Plaintiff credit is also inadmissible hearsay because it too is an out-of-court statement being offered to prove the truth of the matter asserted. *See Akagi v. Nations Credit Fin. Servs. Corp.*, 196 F. Supp. 2d 1186, 1191 n.4 (D. Kan. 2002). Indeed, communication with a mortgage broker regarding the purported denial of credit from a lending institution would be hearsay upon hearsay. Accordingly, any statement made out of court, whether written or oral, is inadmissible hearsay and must be excluded at trial.

2.  **Plaintiff's Opinions Regarding Reasons for Credit Denials:**

Plaintiff cannot testify about his belief as to why he was denied credit. Plaintiff has no knowledge of the criteria used by the credit grantors in making their credit decisions. As a result, Plaintiff is not competent to testify as to why he may have been denied credit by any particular credit grantor. *See* FED. R. EVID. 602 and 701. Plaintiff's speculative testimony would not be helpful to the trier of fact. *See Pettus v. TRW Consumer Credit Servs.*, 879 F. Supp. 695, 698 (W.D. Tex. 1994) ("Rather, it is clear that plaintiff's claim is based upon his conjecture that the large number of rejections he has received must be based on bad credit because of his extensive qualifications. Conjecture is not evidence."). The Court, therefore, should preclude Plaintiff from presenting his lay opinion or commenting on any alleged denials of credit opportunities.

### 3. Citibank Credit Account:

Plaintiff cannot testify about his belief as to why Citibank denied his application for credit. Plaintiff has no knowledge of the criteria used by Citibank in making its decision. As a result, Plaintiff is not competent to testify as to why he may have been denied credit. *See* FED. R. EVID. 602 and 701. Plaintiff's speculative testimony would not be helpful to the trier of fact. *See Pettus v. TRW Consumer Credit Servs.*, 879 F. Supp. 695, 698 (W.D. Tex. 1994) ("Rather, it is clear that plaintiff's claim is based upon his conjecture that the large number of rejections he has received must be based on bad credit because of his extensive qualifications. Conjecture is not evidence."). The Court, therefore, should preclude Plaintiff from presenting his lay opinion or commenting on the reasons Citibank denied his application for credit.

### 4. Wells Fargo Credit Account:

Plaintiff cannot testify about his belief as to why Wells Fargo denied his application for credit. Plaintiff has no knowledge of the criteria used by Wells Fargoin making its decision. As a result, Plaintiff is not competent to testify as to why he may have been denied credit. *See* FED. R. EVID. 602 and 701. Plaintiff's speculative testimony would not be helpful to the trier of fact. *See Pettus v. TRW Consumer Credit Servs.*, 879 F. Supp. 695, 698 (W.D. Tex. 1994) ("Rather, it is clear that plaintiff's claim is based upon his conjecture that the large number of rejections he has received must be based on bad credit because of his extensive qualifications. Conjecture is not evidence."). The Court, therefore, should preclude Plaintiff from presenting his lay opinion or commenting on the reasons Wells Fargo denied his application for credit.

### 5. Willful Noncompliance or Malice:

Any testimony or evidence that Experian was willfully noncompliant or acted with malice. Plaintiff has presented no evidence to show that Experian's conduct was so reckless that it ran "an unjustifiably high risk" of violating the FCRA. *Safeco Ins. Co. v. Burr*, 127 S.Ct. 20201 (2007). Because Plaintiff has not met the basic evidentiary threshold to prove malice or willfulness, any reference or argument to Experian's alleged willfulness or malice would be unfairly prejudicial to Experian and would mislead the jury. *See* FED. R. EVID. 403.

**6.     Punitive Damages:**

Any reference to punitive damages. Plaintiff may seek to introduce testimony concerning his punitive damages claim or may simply make references to this claim during the course of the trial. Likewise, Plaintiff will seek a jury instruction on the issue of punitive damages. Plaintiff, however, has submitted absolutely no evidence to show that Experian's actions were on the same order as willful concealments or misrepresentations. *See* ¶7, *supra.* Because Plaintiff has presented no evidence whatsoever in support of his claim for punitive damages, any testimony or reference to this claim is completely irrelevant and unfairly prejudicial to Experian. *See* FED. R. EVID. 402, 403.

**7.     Experian's Financial Condition**

Any reference to the financial status, assets, profits, wealth, or size of Experian, including any comparisons or contrasts between the financial status of Experian relative to that of Plaintiff, or any reference to Experian's ability to pay any judgment. Such information would unfairly prejudice Experian and improperly influence the jury. Experian also moves to bifurcate the issue of punitive damages from the other disputed issues in this action and exclude any reference to Experian's financial status during the liability and compensatory damage stage.

**8.     Emotional Distress Damages:**

Any reference to emotional distress or mental anguish. Plaintiff may seek to introduce testimony concerning his claim for emotional damages or simply make reference to this claim during the course of the trial. To recover at trial, "a claim for mental distress damages must be supported by something more than the plaintiff's own conclusory allegations." *Riley v. Equifax Credit Info. Servs., Inc.*, 194 F. Supp. 2d 1239, 1244-45 (S.D. Ala. 2002); *Cary v. Piphus*, 435 U.S. 247, 263-64, n. 20 (1978) ("award of [emotional distress] damages must be supported by competent evidence concerning the injury."); *Cousin*, 246 F.3d at 371 (finding that plaintiff's own testimony that he felt "[v]ery upset, angry," "like nobody was listening," and "like being trapped inside of [a maze that he] can't get out of" were legally insufficient to establish emotional distress damages under the FCRA, where these allegations were not given with "a degree of specificity which may include corroborating testimony or medical or psychological evidence in

support of the damage award."); *Spence v. Bd. Educ. Christina Sch. Dist.*, 806 F.2d 1198, 1201 (3rd Cir. 1986) (upholding remittitur on emotional distress damages where only evidence of emotional distress was plaintiff's own testimony and did *not* include testimony from her peers, evidence that she suffered physically from the distress, evidence that she sought psychiatric counseling, or evidence that he suffered loss of employment or reduction in pay). Plaintiff has offered no medical or psychological evidence in support of his demand for emotional damages. In fact, Plaintiff stated that he "has never been treated with any physician or other health care professional related to emotional distress." Plaintiff's Supplemental Response to Interrogatory No. 24. Additionally, Plaintiff did not depose friends, family members, or other witnesses who could corroborate the effect that any alleged wrong had on him. Because Plaintiff presented no competent evidence to corroborate his claim of emotional damages, any testimony or reference to emotional damages is completely irrelevant and would be unfairly prejudicial to Experian. *See* FED. R. EVID. 402, 403.

### 9. Other Experian Litigation:

Any testimony or evidence regarding other lawsuits to which Experian was party. In discovery, Plaintiff sought information regarding other litigation brought against Experian for alleged violations of the FCRA. Plaintiff's motive is unclear. As one of the three national credit reporting agencies, it is not surprising that Experian is a target of litigious consumers. The fact that Experian has been sued establishes nothing more than Experian has been sued, which is not relevant to any disputed issue in this case and would unfairly prejudice Experian. *See* FED. R. EVID. 402, 403. Moreover, any testimony or evidence of Experian's prior litigation is inadmissible as evidence of a prior wrong in order to prove action in conformity therewith. *See* FED. R. EVID. 404(b).

### Prayer for Relief

For the reasons stated above, Experian requests that this Motion in Limine be granted in all respects, that the Court enter such Orders and issue such instructions as may be necessary to protect the fair trial of this cause and give effect to the Court's rulings on this motion, and that the Court grant Experian any other relief to which it may be entitled.

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: July 27, 2007 | Respectfully submitted, |
| 3 | | JONES DAY |
| 4 | | |
| 5 | | By: s/Lucinda W. Andrew |
| | |     Lucinda W. Andrew |
| 6 | | Attorneys for Defendant |
| 7 | | EXPERIAN INFORMATION SOLUTIONS, INC. |

DLI-6129874v2

- 7 -

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on July 27, 2007, I caused a true and correct copy of the foregoing to be served by electronic filing on all parties so registered.

s/Lucinda W. Andrew
Lucinda W. Andrew

DLI-6129874v2